UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

**In re:**  Chapter 13
     Case No.: 17-18916-RAM
**RUTH GATTO,**

     **Debtors.**
_____/

**BSI FINANCIAL SERVICES, AS SERVICING
AGENT FOR HMC ASSETS, LLC SOLELY IN ITS
CAPACITY AS SEPARATE TRUSTEE FOR COMMUNITY
DEVELOPMENT FUND I TRUST'S MOTION FOR RELIEF FROM
STAY TO ENFORCE CONSENT FINAL JUDGMENT OF FORECLOSURE**

BSI Financial Services, as Servicing Agent for HMC Assets, LLC, solely in its Capacity as Separate Trustee of Community Development Fund I Trust's ("Secured Creditor" and/or "HMC Assets LLC"), its successor and/or assigns, by its undersigned counsel, hereby moves pursuant to 11 U.S.C. § 362 for relief from the automatic stay in order to enforce a Consent Final Judgment of Foreclosure and exercise its non-bankruptcy rights with respect to certain real property mortgaged by Ruth Gato to Secured Creditor. In support thereof, the Secured Creditor states as follows:

1. On November 2, 2014, a foreclosure action was commenced in the Circuit Court of the 11th Judicial Circuit In & For Miami-Dade County and which said action ultimately resulted in the entry of a Consent Final Judgment of Foreclosure, entered on March 17, 2016, in the amount of $277,088.79 (the "Final Judgment") against the Debtor Ruth Gato (the "Debtor"). A true and correct copy of the recorded Final Judgment is attached as **Exhibit "A"**.

2. The Debtor is the owner of or holds an interest in the Property.

3. The Final Judgment further confirms Secured Creditor's interest in the real property commonly described as *11607 S.W. 90th Terrace, Miami, FL 33176* (the "<u>Property</u>") and with the legal description as follows:

**LOT 21, VALLEYS OF KENDALL, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 121, PAGE 20, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA**

4. Secured Creditor is presently due and owing the full judgment amount of $277,088.79 pursuant to the Final Judgment.

5. Secured Creditor asserts that the Property lacks any equity and that the current estimated market value of the Property is $204,640.00, and of which said valuation is based upon by the Miami-Dade County Property Appraiser's current 2017 market valuation (the "Property Valuation"). A copy of the Property Valuation is attached hereto as **Exhibit "B"**.

6. An Affidavit of Indebtedness in support of the Motion is attached as **Exhibit "C"**.

7. Secured Creditor asserts that the Property is diminishing and decreasing in value and continues to do so by virtue of the continued use of the Property by the debtor and co-debtor without payments to Secured Creditor and given the current market history in the area in which the Property is located.

8. A review of the Debtor's Schedules and Plan reflects that the Property is listed on Schedule A, is claimed as exempt on Schedule C and that the Debtor is surrendering the Property.

9. Secured Creditor is entitled to enforce the Note and Mortgage. The Note and Mortgage were surrendered to the Court when the Consent Final Judgment was entered.

10. Secured Creditor is entitled to stay relief under § 362(d)(1), since Secured Creditor's interest in the Property is not being adequately protected. Additionally, Secured

Creditor is entitled to relief from the stay under § 362(d)(2) because there is no equity in the Property and the Property is not necessary for an effective reorganization of the Debtor.

11. If the Court lifts the stay that it should also waive the requirement of Bankruptcy Rule 4001(a)(3), therefore allowing an Order to be effective upon this Honorable Court's signature and Secured Creditor to pursue its *in rem* remedies without further delay.

12. A copy of a proposed Order is attached hereto as **Exhibit "D"**.

**WHEREFORE**, Secured Creditor, respectfully requests that this Court enter an Order (i) granting Secured Creditor's relief from the automatic stay as to BSI Financial Services, as Servicing Agent for HMC Assets, LLC, solely in its Capacity as Separate Trustee of Community Development Fund I Trust so as to allow Secured Creditor to enforce its *in rem* remedies against the Property, (ii) waiving the time requirements under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure so that it may immediately continue and complete its state court foreclosure proceedings, and allow the state court to enter all necessary orders, judgments, and decrees associated therewith, (iii) together with such other relief that this Honorable Court may deem just and proper.

**Dated: October 6, 2017.**

                Respectfully Submitted,

                /s/ Chase A. Berger
                Chase A. Berger
                Fla. Bar No. 083794
                chase@bergerfirm.com
                **BERGER FIRM P.A.**
                *Counsel for Secured Creditor*
                3050 Biscayne Boulevard - Suite 402
                Miami, FL 33137
                Telephone: (305) 501.2808
                Facsimile: (954) 780.5578

*Case No.: 17-18916-RAM*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on October 6, 2017, I electronically filed the foregoing document as counsel for Creditor, BSI Financial Services, as Servicing Agent for HMC Assets, LLC, solely in its Capacity as Separate Trustee of Community Development Fund I Trust, with the Clerk of the Court using CM/ECF.

      I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List/Matrix in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

/s/ Chase A. Berger
Chase A. Berger
Fla. Bar No. 083794

## SERVICE ORDER

| | |
|---|---|
| *Debtor* | *Debtor's Counsel* |
| **Ruth Gatto** | **Christian S Diaz** |
| 10892 S.W. 153rd Avenue | 9370 S.W. 72nd Street - #A110 |
| Miami, FL 33196 | Miami, FL 33173 |
| | |
| *Trustee* | *U.S. Trustee* |
| **Nancy K. Neidich** | **Office of the US Trustee** |
| P.O. Box 279806 | 51 S.W. 1st Avenue - Suite 1204 |
| Miramar, FL 33027 | Miami, FL 33130 |
| | |
| **Albertelli Law** | **Diego Gatto** |
| P.O. Box 23028 | c/o C Anthony Rumore, P.A. |
| Tampa, FL 33623 | 515 S.W. 1st Avenue |
| | Fort Lauderdale, FL 33301 |

*Case No.: 17-18916-RAM*

| | |
|---|---|
| **Domingo Gatto**<br>c/o C Anthony Rumore, P.A.<br>515 S.W. 1st Avenue<br>Fort Lauderdale, FL 33301 | **Ruth Gatto**<br>c/o C Anthony Rumore, P.A.<br>515 S.W. 1st Avenue<br>Fort Lauderdale, FL 33301 |

**Lyssa Gatto**
11607 S.W. 90th Terrace
Miami, FL 33176

**Mortgage Electronic Registration Systems, Inc., as nominee for First Magnus Financial Corporation**
c/o Registered Agent, CT Corporation System
1200 S. Pine Island Road
Plantation, FL 33324

**Valleys of Kendall Homeowners Association, Inc.**
**c/o Registered Agent, Manhattan Property Management, Inc**
9001 S. Dadeland Boulevard, Suite 1500
Miami, FL33156

CFN: 20160166434 BOOK 30005 PAGE 1923
DATE:03/21/2016 08:04:37 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE C

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 2014-028051-CA-01

NATIONSTAR MORTGAGE LLC,
Plaintiff(s),

vs.

DIEGO GATTO; DOMINGO GATTO; RUTH GATTO;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC., AS NOMINEE FOR FIRST MAGNUS FINANCIAL
CORPORATION; VALLEYS OF KENDALL
HOMEOWNERS ASSOCIATION, INC.; ANY AND ALL
UNKNOWN PARTIES CLAIMING BY, THROUGH,
UNDER, AND AGAINST THE HEREIN NAMED
INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN
TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN
PARTIES MAY CLAIM AN INTEREST AS SPOUSES,
HEIRS, DEVISEES, GRANTEES, OR OTHER
CLAIMANTS; UNKNOWN PARTY #1 AND UNKNOWN
PARTY #2 AND UNKNOWN PARTY #3 AND UNKNOWN
PARTY #4, THE NAMES BEING FICTITIOUS TO
ACCOUNT FOR PARTIES IN POSSESSION,
Defendant(s).

Consent FINAL JUDGMENT OF FORECLOSURE

THIS ACTION was heard before the Court at trial on March 17, 2016. On the evidence presented, IT IS ORDERED AND ADJUDGED that Final Judgment in favor of the Plaintiff is GRANTED. Service of process has been duly and regularly obtained over Defendants: Diego Gatto, Domingo Gatto, Ruth Gatto, Mortgage Electronic Registration Systems, Inc, as nominee for First Magnus Financial Corporation, Unknown Tenant #1 nka Lyssa Gatto and Valleys of Kendall Homeowners Association, Inc.

1. **Amounts Due and Owing.** Plaintiff is due:

| | |
|---|---|
| Principal due on the note secured but the mortgage foreclosed: | $189,015.51 |
| Interest on the note and mortgage from May 1, 2014 to March 17, 2016 | $8,754.39 |
| Title search expenses | $400.00 |
| Taxes for the year(s) of 2014-2015 | $4,197.80 |
| 2015 $3,424.91 | |
| 2014 $452.18 | |
| Insurance Premiums for the year(s) of 2014-2015 | $3,877.09 |
| 2015 $2,088.01 | |
| 2014 $2,109.79 | |
| Attorney's fees total: | $2,500.00 |

(*The requested attorney's fee is a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the Court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.)

# EXHIBIT "A"

CFN: 20160166434 BOOK 30005 PAGE 1924

|  |  |
|---|---|
| Court Costs, Now Taxed: |  |
| Filing Fee | $ 921.00 |
| Service of Process | $455.00 |
|  |  |
| **Additional Costs:** |  |
| Property Preservation | $200.00 |
| Tax Lien | $125.00 |
| Property Inspections | $468.00 |
| LP Update | $75.00 |
| Streamline Mods | $66,100.00 |
|  |  |
| **GRAND TOTAL** | **$277,088.79** |

2. **Interest.** The grand total amount referenced in Paragraph 1 shall bear interest from this date forward at the prevailing legal rate of interest 4.75 % a year.

3. **Lien on Property.** Plaintiff, Nationstar Mortgage LLC, whose address is 8950 Cypress Waters Blvd., Coppell, TX 75019 holds a lien for the grand total sum superior to all claims or estates of the defendant(s). on the following described property in MIAMI-DADE County, Florida:

LOT 21, VALLEYS OF KENDALL, ACCORDING TO THE PLAT THEREOF, RECORDED IN

PLAT BOOK 121, PAGE 20, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY,

FLORIDA.

Property address: 11607 SW 90TH TERRACE, MIAMI, FL 33176

4. **Sale of property.** If the grand total amount with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on _____7-18_____, 2016, at 9:00 A.M. to the highest bidder for cash after having first given notice as required by Section 45.031, Florida Statutes. The subject property shall be sold by electronic sale at: www.miamidade.realforeclose.com.

5. **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for documentary stamps affixed to the certificate of title. If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

6. **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, les the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

7. **Right of Possession.** Upon filing of the Certificate of Sale, defendants(s) and all persons claiming under or against defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718 or Chapter 720, Fla. Stat, if any. Upon filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property, subject to the provisions of the Protecting Tenants at Foreclosure Act of 2009.

8. **Jurisdiction.** The Court specifically reserves jurisdiction to enter further orders the Court deems just and proper to include, without limitation, the following: orders related to pursuit and entry of deficiency judgment, if Defendant has not been discharged in bankruptcy, or it is not prohibited by federal law or mutual settlement agreement; orders granting additional attorney's fees and costs; writs of possession; orders determining the amount and responsibility for assessments that may be due a condominium or homeowner's

CFN: 20160166434 BOOK 30005 PAGE 1925

association pursuant to sections 718.116 or 720.3085 of the Flor~~ida Statues; orders arising out of re-foreclosure, to include permitting a supplemental complaint to add an interest holder, and/or; orders~~ involving reformation of the mortgage ~~instrument or deed to perfect ti~~tle.

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 140 WEST FLAGLER STREET, ROOM 908, MIAMI, FL (TELEPHONE : (305) 375-5943), WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LEGAL AID SOCIETY AT THE DADE COUNTY BAR ASSOCIATION, 123 NW 1ST AVENUE, SUITE 214, MIAMI, FL 33128 (TELEPHONE: (305)-579-5733), TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS, IF YOU CHOOSE TO CONTACT THE DADE COUNTY BAR ASSOCIATION LEGAL AID SOCIETY; YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

**DONE AND ORDERED** in Chambers in Miami Dade County, Florida, this _____ day of _____, 201____.

_____
Circuit Judge

9. Plaintiff waives its right to collect a deficiency, if any, against Defendants.

NJ-14-161371
2014-028051-CA-01

MAR 17 2016

JON I. GORDON
SENIOR JUDGE

Copies furnished to:
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
eService: servealaw@albertellilaw.com

Diego Gatto
c/o C Anthony Rumore, P A
515 Southwest 1st Avenue
Fort Lauderdale, FL 33301
E-Serve 1: pleadings@rumorelaw.com, E-Serve 2: laprea@rumorelaw.com

CFN: 20160166434 BOOK 30005 PAGE 1926

Domingo Gatto
c/o C Anthony Rumore, P A
515 Southwest 1st Avenue
Fort Lauderdale, FL 33301
E-Serve 1: pleadings@rumorelaw.com, E-Serve 2: laprea@rumorelaw.com

Ruth Gatto
c/o C Anthony Rumore, P A
515 Southwest 1st Avenue
Fort Lauderdale, FL 33301
E-Serve 1: pleadings@rumorelaw.com, E-Serve 2: laprea@rumorelaw.com

Mortgage Electronic Registration Systems, Inc., as nominee for First Magnus Financial Corporation
c/o Registered Agent, CT Corporation System
1200 S Pine Island Road
Plantation, FL 33324

Unknown Tenant #1 nka Lyssa Gatto
11607 SW 90th Terrace
Miami, FL 33176

Valleys of Kendall Homeowners Association, Inc.
c/o Registered Agent, Manhattan Property Management, Inc
9001 S Dadeland Boulevard, Suite 1500
Miami, FL 33156



**IMPORTANT MESSAGE**  When buying real estate property, you should not assume that property taxes will remain the same. Whenever there is a change in ownership, the assessed value of the property may reset to full market value, which could result in higher property taxes. Please use our Tax Estimator to approximate your new property taxes.

The Property Appraiser does not send tax bills and does not set or collect taxes. Please visit the Tax Collector's website directly for additional information.

Address | Owner Name | Folio

## SEARCH:

11607 S.W. 90th Terrace                          Suite

Back to Search Results

### PROPERTY INFORMATION

**Folio:** 30-5006-016-0210

**Sub-Division:**
VALLEYS OF KENDALL

**Property Address**
11607 SW 90 TER
Miami, FL 33176-1027

**Owner**
DIEGO GATTO

**Mailing Address**
11607 SW 90 TERR
MIAMI, FL 33176-1027

**PA Primary Zone**
2800 TOWNHOUSE

**Primary Land Use**
0410 RESIDENTIAL - TOTAL VALUE : TOWNHOUSE

| | |
|---|---|
| **Beds / Baths / Half** | 3 / 3 / 0 |
| **Floors** | 2 |
| **Living Units** | 1 |
| **Actual Area** | 1,790 Sq.Ft |
| **Living Area** | 1,512 Sq.Ft |
| **Adjusted Area** | 1,512 Sq.Ft |
| **Lot Size** | 2,400 Sq.Ft |
| **Year Built** | 1989 |



Map View ▾    Layers ▾



2016 Aerial Photography  60ft

**Featured Online Tools**

| | |
|---|---|
| Comparable Sales | Glossary |
| Non-Ad Valorem Assessments | PA Additional Online Tools |
| Property Record Cards | Property Search Help |
| Property Taxes | Report Discrepancies |
| Report Homestead Fraud | Tax Comparison |
| Tax Estimator | TRIM Notice |
| Value Adjustment Board | |

## ASSESSMENT INFORMATION

| Year | 2017 | 2016 | 2015 |
|---|---|---|---|
| **Land Value** | $0 | $0 | $0 |
| **Building Value** | $0 | $0 | $0 |
| **Extra Feature Value** | $0 | $0 | $0 |
| **Market Value** | $204,640 | $204,640 | $186,040 |
| **Assessed Value** | $138,451 | $135,604 | $134,662 |

## TAXABLE VALUE INFORMATION

| | 2017 | 2016 | 2015 |
|---|---|---|---|
| **COUNTY** | | | |
| Exemption Value | $50,000 | $50,000 | $50,000 |
| Taxable Value | $88,451 | $85,604 | $84,662 |
| **SCHOOL BOARD** | | | |
| Exemption Value | $25,000 | $25,000 | $25,000 |
| Taxable Value | $113,451 | $110,604 | $109,662 |
| **CITY** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $0 | $0 | $0 |

| REGIONAL | | | |
|---|---|---|---|
| Exemption Value | $50,000 | $50,000 | $50,000 |
| Taxable Value | $88,451 | $85,604 | $84,662 |

## BENEFITS INFORMATION

| Benefit | Type | 2017 | 2016 | 2015 |
|---|---|---|---|---|
| Save Our Homes Cap | Assessment Reduction | $66,189 | $69,036 | $51,378 |
| Homestead | Exemption | $25,000 | $25,000 | $25,000 |
| Second Homestead | Exemption | $25,000 | $25,000 | $25,000 |

Note: Not all benefits are applicable to all Taxable Values (i.e. County, School Board, City, Regional).

## FULL LEGAL DESCRIPTION

VALLEYS OF KENDALL

PB 121-20

LOT 21

LOT SIZE 2400 SQ FT

& INT IN COMMON AREA

OR 18000-0703 0298 1

COC 25838-1502 08 2007 5

## SALES INFORMATION

| Previous Sale | Price | OR Book-Page | Qualification Description |
|---|---|---|---|
| 08/01/2007 | $0 | 25838-1502 | Sales which are disqualified as a result of examination of the deed |
| 06/01/2006 | $312,000 | 24700-3834 | Sales which are qualified |
| 02/01/1998 | $117,700 | 18000-0703 | Sales which are qualified |
| 03/01/1996 | $0 | 17149-2231 | Sales which are disqualified as a result of examination of the deed |
| 11/01/1992 | $104,000 | 15747-0531 | Sales which are qualified |
| 05/01/1990 | $95,500 | 14537-85 | Sales which are qualified |
| 09/01/1987 | $144,000 | 13405-470 | Deeds that include more than one parcel |

For more information about the Department of Revenue's Sales Qualification Codes.

## ADDITIONAL INFORMATION

* The information listed below is not derived from the Property Appraiser's Office records. It is provided for convenience and is derived from other government agencies.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                   Chapter 13
                                                                         Case No.: 17-18916-RAM
**RUTH GATTO**

　　　Debtor.
_____/

**AFFIDAVIT OF INDEBTEDNESS IN SUPPORT OF BSI
FINANCIAL SERVICES, AS SERVICING AGENT FOR HMC ASSETS, LLC
SOLELY IN ITS CAPACITY AS SEPARATE TRUSTEE FOR COMMUNITY
DEVELOPMENT FUND I TRUST'S MOTION FOR RELIEF FROM STAY TO
ENFORCE CONSENT FINAL JUDGMENT OF FORECLOSURE**

**STATE OF TEXAS**            )
                              ) ss.:
**COUNTY OF DALLAS**          )

　　　**BEFORE ME**, the undersigned authority duly authorized to administer oaths and to take testimony, personally appeared _Karin Murphy_ who, being first duly sworn, deposes and says that:

　　　1.　　My name is _Karin Murphy_. I am over the age of eighteen (18) years and otherwise competent to execute this Affidavit.

　　　2.　　I am the Bankruptcy Asset Manager of Secured Creditor, BSI Financial Services, as Servicing Agent for HMC Assets, LLC, solely in its Capacity as Separate Trustee of Community Development Fund I Trust.

　　　3.　　The facts and information contained in this Affidavit are made and based upon my personal knowledge of the books and business records with respect to the matters set forth in BSI Financial Services, as Servicing Agent for HMC Assets, LLC, solely in its Capacity as Separate Trustee of Community Development Fund I Trust's Motion for Relief From Stay to Enforce Consent Final Judgment of Foreclosure (the "Motion") filed in this action.

EXHIBIT "C"

4. I have read the Motion and each paragraph contained therein is true and accurate.

5. The amount of the indebtedness and the nature and extent of default set forth in the Motion is pursuant to the Consent Final Judgment of Foreclosure, entered on March 17, 2016 in the Circuit Court of the Eleventh Judicial Circuit In & For Miami-Dade County, Florida, in the amount of $277,088.79 as to the real property owned by Debtor Ruth Gato and commonly described as *11607 S.W. 90th Terrace, Miami, FL 33176*.

6. The records that were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by myself, a person with knowledge of those matters.

7. The records were kept in the course of the regularly conducted activity and were made by the regularly conducted activity as a regular practice.

8. I hereby certify that all of the documents attached to the Motion as exhibits are true and accurate copies of the original documents.

**FURTHER AFFIANT SAYETH NAUGHT**

**BSI FINANCIAL SERVICES**

By: _____

Its: AVP

SWORN to and SUBSCRIBED before me the __03__ day of __October__, 2017.

_____
NOTARY PUBLIC, State of __Texas__ At Large

Markela Black
Print, Type or Stamp Name of Notary Public

Personally known or produced ____n/a____ as identification.



MARKELA BLACK
Notary Public, State of Texas
Comm. Expires 03-17-2021
Notary ID 131050173

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                                  Chapter 13

**RUTH GATTO**                                                          Case No. 17-18916-RAM

    **Debtor.**
_____/

**ORDER ON BSI FINANCIAL SERVICES, AS SERVICING AGENT
FOR HMC ASSETS, LLC SOLELY IN ITS CAPACITY AS SEPARATE TRUSTEE
OF COMMUNITY DEVELOPMENT FUND I TRUST'S MOTION FOR RELIEF
FROM STAY TO ENFORCE CONSENT FINAL JUDGMENT OF FORECLOSURE**

    **THIS MATTER** came before the Court on _____, 2017 upon *BSI Financial Services, as Servicing Agent for HMC Assets, LLC, solely in its Capacity as Separate Trustee of Community Development Fund I Trust's Motion for Relief From Stay to Enforce Consent Final Judgment of Foreclosure* (D.E. # _)(the "Motion").  The Court, being otherwise duly advised in the premises, it is, hereby,

    **ORDERED,** as follows:

    1.    The Motion is **GRANTED**, as set forth herein.

**EXHIBIT "D"**

2.      The Automatic Stay is lifted to allow BSI Financial Services, as Servicing Agent for HMC Assets, LLC, solely in its Capacity as Separate Trustee of Community Development Fund I Trust ("Secured Creditor"), so as to allow Secured Creditor to enforce its Final Judgment of Foreclosure and allow the state court to enter all necessary orders, judgments, and decrees associated therewith, on real property legally described as:

> LOT 21, VALLEYS OF KENDALL, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 121, PAGE 20, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA

3.      This relief is *in rem* only in order to complete state court foreclosure proceedings through certificate of title and possession of the Property; however, BSI Financial Services, as Servicing Agent for HMC Assets, LLC, solely in its Capacity as Separate Trustee of Community Development Fund I Trust's shall not seek any *in personam* relief against the debtor without further order of the Court.

4.      The Court waives the time requirements under Rule 4001(a)(3) and deems the relief from stay effective immediately.

5.      The Court shall retain jurisdiction over this matter to consider and enter such further relief necessary to enforce the terms and conditions of this Order.

###

Submitted by:

**Chase A. Berger, Esq.**
Florida Bar No. 083794
chase@bergerfirm.com
**BERGER FIRM P.A.**
3050 Biscayne Boulevard - Suite 402
Miami, FL 33137
Telephone: (305) 501-2808 / Facsimile: (954) 780-5578

**Copies furnished to:**
Chase A. Berger, Esq.
[Mr. Berger shall serve a conformed copy of this order upon all interested parties.]