**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:                                                                  Case No.: 17-18916-RAM
                                                                        Chapter 13
**RUTH GATTO,**

     Debtor.

_____/

**BSI FINANCIAL SERVICES, AS SERVICING AGENT FOR**
**HMC ASSETS, LLC SOLELY IN ITS CAPACITY AS SEPARATE**
**TRUSTEE FOR COMMUNITY DEVELOPMENT FUND I TRUST'S**
**MOTION FOR CO-DEBTOR RELIEF FROM STAY AS TO DIEGO GATTO**
**TO ENFORCE CONSENT FINAL JUDGMENT OF FORECLOSURE**

BSI Financial Services, as Servicing Agent for HMC Assets, LLC, solely in its Capacity

as Separate Trustee for Community Development Fund I Trust ("Secured Creditor" and/or

"HMC Assets LLC"), its successor and/or assigns, by its undersigned counsel, hereby moves this

Court pursuant to U.S.C. § 1301(c) for relief from the co-debtor stay as to Diego Gatto (the "Co-

Debtor") with respect to certain real property having a common address of *11607 S.W. 90th*

*Terrace, Miami, FL 33176* (the "Property").  In support thereof, the Movant states as follows:

     1.     This Court has jurisdiction over this matter pursuant to 11 U.S.C. § 1301(c). Fed.

R. Bankr. P. 4001(a), and the various other applicable provisions of the United States

Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the laws of the United States of

America.

     2.     On July 15, 2017, the Debtor, Ruth Gatto, filed a Voluntary Petition for relief

under Chapter 13 of the United States Bankruptcy Code (D.E. # 1).

     3.     On December 8, 2017, the Debtor filed a Second Amended Chapter 13 Plan (the

"Amended Plan"). Pursuant to the Amended Plan, the Debtor intends on surrendering the

Property.

4.      The Debtor executed and delivered and is otherwise obligated to Secured Creditor with respect to that certain Note dated June 27, 2006 in the original principal amount of $249,600.00 (the "Note") and that certain mortgage of even dated and recorded on July 10, 2006 (the "Mortgage"), all obligations (collectively the "Obligations") of the Debtor and with regards to the Note and Mortgage (the "Loan Documents") are secured by the Property.

5.      The Co-Debtor is the owner of or holds an interest in the Property by virtue of the Quit Claim Deed executed and recorded on August 7, 2007.

6.      On November 2, 2014, a foreclosure action was commenced in the Circuit Court of the 11th Judicial Circuit In & For Miami-Dade County and which said action ultimately resulted in the entry of a Consent Final Judgment of Foreclosure, entered on March 17, 2016, in the amount of $277,088.79 (the "Final Judgment") against the Co-Debtor. A true and correct copy of the recorded Final Judgment is attached as **Exhibit "A"**.

7.      The Final Judgment confirms Secured Creditor's interest in the Property with the legal description as follows:

**LOT 21, VALLEYS OF KENDALL, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 121, PAGE 20, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

8.      Secured Creditor asserts that the Property lacks any equity and that the current estimated market value of the Property is $204,640.00, as per the Miami-Dade County Property Appraiser's current 2017 market valuation (the "Property Valuation"). A copy of the Property Valuation is attached hereto as **Exhibit "B"**.

9.      Secured Creditor asserts that the Property is diminishing and decreasing in value and continues to do so by the continued use of the Property by the Co-Debtor and/or other parties without payments to Secured Creditor and given the current market history in the area in which the Property is located.

10.      Cause exists for relief from the co-debtor stay pursuant to 11 U.S.C. § 1301(c) for the following reasons:

        a.      Payments to Secured Creditor have not been included in the Plan.

        b.      Secured Creditors interest in the Property is not adequately protected and would be irreparably harmed by the continuation of the co-debtor stay.

11.      Secured Creditor further requests that upon entry of an order granting relief from co-debtor stay, it be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 in the instant bankruptcy case.

12.      A proposed order is attached hereto as **Exhibit "C"**.

**WHEREFORE**, Secured Creditor respectfully requests that this Court issue an Order terminating and modifying co-debtor stay as to Diego Gatto and granting the following:

1.      Relief from the co-debtor stay allowing Secured Creditor (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2.      That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3.      That upon entry of the Order granting relief from co-debtor stay, Secured Creditor be exempted from further compliance with Fed. Rule Bankr. P. 3002-1 in the instant bankruptcy case.

4.      For such other relief the Court may deem just and proper.

**Dated:  February 12, 2018.**

Respectfully Submitted,

/s/ Chase A. Berger
Chase A. Berger
Fla. Bar No. 083794
chase@bergerfirm.com
**BERGER FIRM P.A.**
*Counsel for Movant*
3050 Biscayne Boulevard - Suite 402
Miami, FL 33137
Telephone: (305) 501.2808
Facsimile: (954) 780.5578

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 12, 2018, I electronically filed the foregoing

document as counsel for Creditor, BSI Financial Services, as Servicing Agent for HMC Assets,

LLC, solely in its Capacity as Separate Trustee for Community Development Fund I Trust, with

the Clerk of the Court using CM/ECF.

I also certify that the foregoing document is being served this day on all counsel of record

or *pro se* parties identified on the attached Service List/Matrix in the manner specified, either via

transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized

manner for those counsel or parties who are not authorized to receive electronically Notices of

Filing.

/s/ Chase A. Berger
Chase A. Berger
Fla. Bar No. 083794

## SERVICE LIST

*Debtor*
**Ruth Gato**
10892 S.W. 153rd Avenue
Miami, FL 33196

*Debtor's Counsel*
**Christian S Diaz**
9370 S.W. 72nd Street - #A110
Miami, FL 33173

*Trustee*
**Nancy K. Neidich**
P.O. Box 279806
Miramar, FL 33027

*U.S. Trustee*
**Office of the US Trustee**
51 S.W. 1st Avenue - Suite 1204
Miami, FL 33130

*Albertelli Law*
P.O. Box 23028
Tampa, FL 33623

*Diego Gatto*
**c/o C. Anthony Rumore, P.A.**
515 S.W. 1st Avenue
Fort Lauderdale, FL 33301

*Domingo Gatto*
**c/o C. Anthony Rumore, P.A.**
515 S.W. 1st Avenue
Fort Lauderdale, FL 33301

*Ruth Gatto*
**c/o C. Anthony Rumore, P.A.**
515 S.W. 1st Avenue
Fort Lauderdale, FL 33301

**Mortgage Electronic Registration Systems, Inc.,**
**as nominee for First Magnus Financial Corp.**
**c/o Registered Agent, CT Corporation System**
1200 S. Pine Island Road
Plantation, FL 33324

**Valleys of Kendall Homeowners Assoc., Inc.**
**c/o Registered Agent,**
**Manhattan Property Management, Inc.**
9001 S. Dadeland Boulevard, Suite 1500
Miami, FL33156

**Unknown Tenant #1 n/k/a Lyssa Gatto**
11607 S.W. 90th Terrace
Miami, FL 33176

CFN: 20160166434 BOOK 30005 PAGE 1923
DATE:03/21/2016 08:04:37 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE C

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 2014-028051-CA-01

NATIONSTAR MORTGAGE LLC,
Plaintiff(s),

vs.

DIEGO GATTO; DOMINGO GATTO; RUTH GATTO;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC., AS NOMINEE FOR FIRST MAGNUS FINANCIAL
CORPORATION; VALLEYS OF KENDALL
HOMEOWNERS ASSOCIATION, INC.; ANY AND ALL
UNKNOWN PARTIES CLAIMING BY, THROUGH,
UNDER, AND AGAINST THE HEREIN NAMED
INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN
TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN
PARTIES MAY CLAIM AN INTEREST AS SPOUSES,
HEIRS, DEVISEES, GRANTEES, OR OTHER
CLAIMANTS;  UNKNOWN PARTY #1 AND UNKNOWN
PARTY #2 AND UNKNOWN PARTY #3 AND UNKNOWN
PARTY #4, THE NAMES BEING FICTITIOUS TO
ACCOUNT FOR PARTIES IN POSSESSION,
Defendant(s).

_Consent_ FINAL JUDGMENT OF FORECLOSURE

      THIS ACTION was heard before the Court at trial on March 17, 2016.  On the evidence presented, IT IS
ORDERED AND ADJUDGED that  Final Judgment in favor of the Plaintiff is GRANTED.  Service of process has been
duly and regularly obtained over Defendants:  Diego Gatto, Domingo Gatto, Ruth Gatto, Mortgage Electronic
Registration Systems, Inc, as nominee for First Magnus Financial Corporation, Unknown Tenant #1 nka Lyssa Gatto
and Valleys of Kendall Homeowners Association, Inc.

1.    **Amounts Due and Owing.**  Plaintiff is due:

|  | |
|---|---|
| Principal due on the note secured but the mortgage foreclosed: | $189,015.51 |
| Interest on the note and mortgage from May 1, 2014 to March 17, 2016 | $8,754.39 |
| Title search expenses | $400.00 |
| Taxes for the year(s) of  2014-2015<br>2015 $3,424.91<br>2014 $452.18 | $4,197.80 |
| Insurance Premiums for the year(s) of 2014-2015<br>2015 $2,088.01<br>2014 $2,109.79 | $3,877.09 |
| Attorney's fees total: | $2,500.00 |

(*The requested attorney's fee is a flat rate fee that the firm's
client has agreed to pay in this matter. Given the amount of the fee
requested and the labor expended, the Court finds that a lodestar
analysis is not necessary and that the flat fee is reasonable.)

**EXHIBIT "A"**

CFN: 20160166434 BOOK 30005 PAGE 1924

| Court Costs, Now Taxed: | |
|---|---|
| Filing Fee | $ 921.00 |
| Service of Process | $455.00 |

| Additional Costs: | |
|---|---|
| Property Preservation | $200.00 |
| Tax Lien | $125.00 |
| Property Inspections | $468.00 |
| LP Update | $75.00 |
| Streamline Mods | $66,100.00 |

| **GRAND TOTAL** | **$277,088.79** |

2. **Interest.** The grand total amount referenced in Paragraph 1 shall bear interest from this date forward at the prevailing legal rate of interest 4.75 % a year.

3. **Lien on Property.** Plaintiff, Nationstar Mortgage LLC, whose address is 8950 Cypress Waters Blvd., Coppell, TX 75019 holds a lien for the grand total sum superior to all claims or estates of the defendant(s). on the following described property in MIAMI-DADE County, Florida:

LOT 21, VALLEYS OF KENDALL, ACCORDING TO THE PLAT THEREOF, RECORDED IN

PLAT BOOK 121, PAGE 20, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY,

FLORIDA.

Property address: 11607 SW 90TH TERRACE, MIAMI, FL 33176

4. **Sale of property.** If the grand total amount with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on _____, 2016 , at 9:00 A.M. to the highest bidder for cash after having first given notice as required by Section 45.031, Florida Statutes. The subject property shall be sold by electronic sale at: www.miamidade.realforeclose.com.

5. **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for documentary stamps affixed to the certificate of title. If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

6. **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, les the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

7. **Right of Possession.** Upon filing of the Certificate of Sale, defendants(s) and all persons claiming under or against defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718 or Chapter 720, Fla. Stat, if any. Upon filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property, subject to the provisions of the Protecting Tenants at Foreclosure Act of 2009.

8. **Jurisdiction.** The Court specifically reserves jurisdiction to enter further orders the Court deems just and proper to include, without limitation, the following: orders related to pursuit and entry of deficiency judgment, if Defendant has not been discharged in bankruptcy, or it is not prohibited by federal law or mutual settlement agreement; orders granting additional attorney's fees and costs; writs of possession; orders determining the amount and responsibility for assessments that may be due a condominium or homeowner's

CFN: 20160166434 BOOK 30005 PAGE 1925

~~association pursuant to sections 718.116 or 720.3085 of the Florida Statues; orders arising out of re- foreclosure to include permitting a supplemental complaint to add an interest holder, and/or; orders involving reformation of the mortgage instrument or deed to perfect title.~~

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 140 WEST FLAGLER STREET, ROOM 908, MIAMI, FL (TELEPHONE : (305) 375-5943), WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LEGAL AID SOCIETY AT THE DADE COUNTY BAR ASSOCIATION, 123 NW 1ST AVENUE, SUITE 214, MIAMI, FL 33128 (TELEPHONE: (305)-579-5733), TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS, IF YOU CHOOSE TO CONTACT THE DADE COUNTY BAR ASSOCIATION LEGAL AID SOCIETY; YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

    **DONE AND ORDERED** in Chambers in Miami Dade County, Florida, this _____ day of _____, 201____.

_____
Circuit Judge

*9. Plaintiff waives its right to collect a deficiency, if any, against Defendants.*

NJ-14-161371
2014-028051-CA-01

MAR 17 2016

JON I. GORDON
SENIOR JUDGE

Copies furnished to:
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
eService: servealaw@albertellilaw.com

Diego Gatto
c/o C Anthony Rumore, P A
515 Southwest 1st Avenue
Fort Lauderdale, FL 33301
E-Serve 1: pleadings@rumorelaw.com, E-Serve 2: laprea@rumorelaw.com

CFN: 20160166434 BOOK 30005 PAGE 1926

Domingo Gatto
c/o C Anthony Rumore, P A
515 Southwest 1st Avenue
Fort Lauderdale, FL 33301
E-Serve 1:  pleadings@rumorelaw.com, E-Serve 2:  laprea@rumorelaw.com

Ruth Gatto
c/o C Anthony Rumore, P A
515 Southwest 1st Avenue
Fort Lauderdale, FL 33301
E-Serve 1:  pleadings@rumorelaw.com, E-Serve 2:  laprea@rumorelaw.com

Mortgage Electronic Registration Systems, Inc., as nominee for First Magnus Financial Corporation
c/o Registered Agent, CT Corporation System
1200 S Pine Island Road
Plantation, FL 33324

Unknown Tenant #1 nka Lyssa Gatto
11607 SW 90th Terrace
Miami, FL 33176

Valleys of Kendall Homeowners Association, Inc.
c/o Registered Agent, Manhattan Property Management, Inc
9001 S Dadeland Boulevard, Suite 1500
Miami, FL 33156



**IMPORTANT MESSAGE**

When buying real estate property, you should not assume that property taxes will remain the same. Whenever there is a change in ownership, the assessed value of the property may reset to full market value, which could result in higher property taxes. Please use our Tax Estimator to approximate your new property taxes.

The Property Appraiser does not send tax bills and does not set or collect taxes. Please visit the Tax Collector's website directly for additional information.

| Address | Owner Name | Folio |
|---|---|---|

## SEARCH:

| 11607 S.W. 90th Terrace | Suite | 🔍 |
|---|---|---|

Back to Search Results

### PROPERTY INFORMATION

**Folio:** 30-5006-016-0210

**Sub-Division:**
VALLEYS OF KENDALL

**Property Address**
11607 SW 90 TER
Miami, FL 33176-1027

**Owner**
DIEGO GATTO

**Mailing Address**
11607 SW 90 TERR
MIAMI, FL 33176-1027

**PA Primary Zone**
2800 TOWNHOUSE

**Primary Land Use**
0410 RESIDENTIAL - TOTAL VALUE : TOWNHOUSE

| | |
|---|---|
| Beds / Baths / Half | 3 / 3 / 0 |
| Floors | 2 |
| Living Units | 1 |
| Actual Area | 1,790 Sq.Ft |
| Living Area | 1,512 Sq.Ft |
| Adjusted Area | 1,512 Sq.Ft |
| Lot Size | 2,400 Sq.Ft |
| Year Built | 1989 |



Zoom

| Map View ▾ | Layers ▾ |
|---|---|

**EXHIBIT "B"**



2016 Aerial Photography    60ft

**Featured Online Tools**

| | |
|---|---|
| Comparable Sales | Glossary |
| Non-Ad Valorem Assessments | PA Additional Online Tools |
| Property Record Cards | Property Search Help |
| Property Taxes | Report Discrepancies |
| Report Homestead Fraud | Tax Comparison |
| Tax Estimator | TRIM Notice |
| Value Adjustment Board | |

## ASSESSMENT INFORMATION

| Year | 2017 | 2016 | 2015 |
|---|---|---|---|
| Land Value | $0 | $0 | $0 |
| Building Value | $0 | $0 | $0 |
| Extra Feature Value | $0 | $0 | $0 |
| Market Value | $204,640 | $204,640 | $186,040 |
| Assessed Value | $138,451 | $135,604 | $134,662 |

## TAXABLE VALUE INFORMATION

| | 2017 | 2016 | 2015 |
|---|---|---|---|
| **COUNTY** | | | |
| Exemption Value | $50,000 | $50,000 | $50,000 |
| Taxable Value | $88,451 | $85,604 | $84,662 |
| **SCHOOL BOARD** | | | |
| Exemption Value | $25,000 | $25,000 | $25,000 |
| Taxable Value | $113,451 | $110,604 | $109,662 |
| **CITY** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $0 | $0 | $0 |

| REGIONAL | | | |
|---|---|---|---|
| Exemption Value | $50,000 | $50,000 | $50,000 |
| Taxable Value | $88,451 | $85,604 | $84,662 |

## BENEFITS INFORMATION

| Benefit | Type | 2017 | 2016 | 2015 |
|---|---|---|---|---|
| Save Our Homes Cap | Assessment Reduction | $66,189 | $69,036 | $51,378 |
| Homestead | Exemption | $25,000 | $25,000 | $25,000 |
| Second Homestead | Exemption | $25,000 | $25,000 | $25,000 |

Note: Not all benefits are applicable to all Taxable Values (i.e. County, School Board, City, Regional).

## FULL LEGAL DESCRIPTION

VALLEYS OF KENDALL

PB 121-20

LOT 21

LOT SIZE 2400 SQ FT

& INT IN COMMON AREA

OR 18000-0703 0298 1

COC 25838-1502 08 2007 5

## SALES INFORMATION

| Previous Sale | Price | OR Book-Page | Qualification Description |
|---|---|---|---|
| 08/01/2007 | $0 | 25838-1502 | Sales which are disqualified as a result of examination of the deed |
| 06/01/2006 | $312,000 | 24700-3834 | Sales which are qualified |
| 02/01/1998 | $117,700 | 18000-0703 | Sales which are qualified |
| 03/01/1996 | $0 | 17149-2231 | Sales which are disqualified as a result of examination of the deed |
| 11/01/1992 | $104,000 | 15747-0531 | Sales which are qualified |
| 05/01/1990 | $95,500 | 14537-85 | Sales which are qualified |
| 09/01/1987 | $144,000 | 13405-470 | Deeds that include more than one parcel |

For more information about the Department of Revenue's Sales Qualification Codes.

## ADDITIONAL INFORMATION

* The information listed below is not derived from the Property Appraiser's Office records. It is provided for convenience and is derived from other government agencies.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:                                                        Case No.: 17-18916-RAM
                                                                  Chapter 13

**RUTH GATTO,**

        Debtor.
_____/

**ORDER ON BSI FINANCIAL SERVICES, AS SERVICING AGENT**
**FOR HMC ASSETS, LLC SOLELY IN ITS CAPACITY AS SEPARATE**
**TRUSTEE FOR COMMUNITY DEVELOPMENT FUND I TRUST'S**
**MOTION FOR RELIEF FROM CO-DEBTOR STAY AS TO DIEGO GATTO**
**TO ENFORCE CONSENT FINAL JUDGMENT IN FORECLOSURE**

        **THIS MATTER** came before the Court on _____ upon BSI Financial Services, as
Servicing Agent for HMC Assets, LLC Solely in its Capacity as Separate Trustee for
Community Development Fund I Trust's Motion for Relief From Co-Debtor Stay as to Diego
Gatto to Enforce Consent Final Judgment in Foreclosure (D.E. #___)(the "Motion").  The Court,
being otherwise duly advised in the premises, it is, hereby,

        **ORDERED,** as follows:

        1.        The Motion is **GRANTED**, as set forth herein.

        1.        The co-debtor stay as to Diego Gatto provided by 11 U.S.C. § 1301 is terminated
as to Secured Creditor, BSI Financial Services, as Servicing Agent for HMC Assets, LLC Solely

**EXHIBIT "C"**

in its Capacity as Separate Trustee for Community Development Fund I Trust ("Secured Creditor"), its Successors and/or Assigns.  Accordingly, the co-debtor stay is modified to permit the Secured Creditor to commence and/or proceed to prosecute a mortgage foreclosure action in state court against real property, the legal description of which is described below.

2.  Automatic Stay is lifted to allow Secured Creditor to enforce its Consent Final Judgment in Foreclosure and allow the state court to enter all necessary orders, judgments, and decrees associated therewith, on real property legally described as:

**LOT 21, VALLEYS OF KENDALL, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 121, PAGE 20, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

**A/K/A: 11607 S.W. 90th TERRACE, MIAMI, FL 33176**

3.  This relief is *in rem* only in order to complete state court foreclosure proceedings through certificate of title and possession of the Property; however, BSI Financial Services, as Servicing Agent for HMC Assets, LLC Solely in its Capacity as Separate Trustee for Community Development Fund I Trust shall not seek any *in personam* relief against the co-debtor without further order of the Court.

4.  The Court waives the time requirements under Rule 4001(a)(3) and deems the relief from stay effective immediately.

5.  The Court shall retain jurisdiction over this matter to consider and enter such further relief necessary to enforce the terms and conditions of this Order.

###

Submitted by:

Chase A. Berger, Esq.
Florida Bar No. 083794
chase@bergerfirm.com
**BERGER FIRM P.A.**
3050 Biscayne Boulevard - Suite 402
Miami, Florida 33137
Telephone: (305) 501.2808
Facsimile: (954) 780.5578

**Copies furnished to:**
Chase A. Berger, Esq.
[Mr. Berger shall serve a conformed copy of this order upon all interested parties and shall file a Certificate of Service within three (3) days from the entry of this Order.]